UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CARLOS P. CLARK, aka Carlos Heard,<br><br>Petitioner,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF CORRECTION,<br><br>Respondent. | Case No. 17-cv-4905 (SRN/HB)<br><br>REPORT AND RECOMMENDATION |

Petitioner Carlos Clark[1] filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal convictions for second and third-degree murder. (Pet. at 1 [Doc. No. 1].) On January 25, 2018, the Court informed Clark that his petition appeared to be barred by the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and ordered him to show cause why his petition is not time-barred. [Doc. No. 8.] Clark has now filed a document titled "Procedural History" in compliance with that Order. [Doc. No. 10.] For the reasons set forth in the Court's prior Order and below, the Court finds that Clark's petition is untimely and recommends that it be denied.

The Court outlined the procedural history of Clark's case in detail in its prior order [Doc. No. 8] and provides only an abbreviated version here. The Minnesota Supreme Court denied review in Clark's direct appeal on October 24, 2012. In March 2014, Clark

---

[1] The Court has used "Clark" to refer to the petitioner but notes that the Minnesota state court opinions refer to petitioner as "Carlos Heard."

filed his first motion for post-conviction relief in state court, which was denied. *Heard v. State*, 2015 WL 1758005, at *1 (Minn. Ct. App. 2015). Clark appealed the denial to the Minnesota Court of Appeals, which affirmed. *Id.* Clark concedes that he did not appeal to the Minnesota Supreme Court, and judgment was entered on July 17, 2015. According to his exhibits and the Procedural History filing, Clark filed a second post-conviction motion in state court on June 6, 2016, which was denied on April 14, 2017. [Doc. No. 1-1 at 5, 7-12; *see also* Doc. No. 10.] Clark admits that he did not appeal the denial. [Doc. No. 1 at 3.]

In his petition, Clark now claims that his arrest was unlawful. [Doc. No. 1 at 4; Doc. No. 10 at 2.] He admits that he has not previously presented this claim to any other court. [Doc. No. 1 at 5.]

The federal habeas statute of limitations began to run when Clark's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. 2244(d)(1)A).[2] The Minnesota Supreme Court denied review in his direct appeal on October 24, 2012. His case was final for habeas statute of limitations purposes ninety days later, when the time to appeal to the United States Supreme Court expired. *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). Clark therefore had until one year later (i.e., until January 24, 2014) to file his petition

---

[2] There are three other possible dates from which the period may run but none of them applies here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). These provisions are inapplicable to this case because (1) there was never any impediment to Clark filing a habeas petition previously; (2) Clark is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Clark's claim is not predicated on any new factual discovery.

unless the statute was tolled while his state post-conviction petitions were pending. Although the federal habeas statute allows for tolling while a state post-conviction petition is pending, 28 U.S.C. § 2244(d)(2), the tolling provision does not revive an already expired limitations period. *See Martin v. Fayram,* 849 F.3d 691, 697 (8th Cir. 2017) (acknowledging that although petitioner may have had three years to file a motion for state post-conviction relief, he had only one year to file a federal habeas petition, excluding time during which state post-conviction motion was pending; "[t]he time between the conclusion of Martin's direct appeal and his motion for postconviction relief therefore counted toward AEDPA's one year limitations period"). *See also Painter v. Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001) (time between conclusion of direct review and filing of post-conviction petition counts toward limitations period). Clark filed his first state post-conviction motion in March 2014, which was two months after the federal statute of limitations had already expired.

Almost another year after the Minnesota Court of Appeals affirmed the denial of the first post-conviction motion, Clark filed a second state post-conviction motion on June 6, 2016. [Doc. No. 1-1 at 5; Doc. No. 10 at 1.] Clark does not address the statute of limitations anywhere in his petition or in the documents he filed in response to the Court's order, but he may be mistakenly calculating the statute of limitations from the date this second state post-conviction petition was denied on April 14, 2017. [*See* Doc. No. 1 at 3; Doc. No. 10.] However, neither state post-conviction motion stopped the statute of limitations from running because it had expired before he filed either of them.

In its prior Order, the Court also specifically ordered Clark to provide a comprehensive explanation of any equitable tolling argument on which he might rely, but he provided none. Although the "timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 634 (2010), equitable tolling is "an exceedingly narrow window of relief." *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Gordon*, 823 F.3d at 1195 (citing *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)); *Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011). "Garden variety" claims of neglect do not meet the standard for equitable tolling. *Rues*, 643 F.3d at 622 (quoting *Holland*, 560 U.S. 631). Clark provides no explanation for the delay in filing his federal habeas petition, let alone an "extraordinary" one. The Court therefore recommends that Clark's petition be denied and this action be dismissed with prejudice.

Finally, the Court notes that a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is

highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Clark's current habeas corpus petition differently than it is being treated here. Clark has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Clark not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Carlos P. Clark's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**;

2. This action be **DISMISSED with prejudice**; and

3. No certificate of appealability be granted.

Dated:  February 26, 2018         s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).