## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos P. Clark, aka Carlos Heard,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>　Minnesota Department of Correction,<br><br>　　　　　　Respondent. | Case No. 17-cv-4905 (SRN/HB)<br><br><br>**ORDER ADOPTING REPORT AND**<br>**RECOMMENDATION** |

Carlos P. Clark, aka Carlos Heard, OID #235411, Minnesota Correctional Facility–Rush City, Rush City, Minnesota 55069, pro se.

Edwin William Stockmeyer, III and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101; Linda Kay Jenny, Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2000, Minneapolis, Minnesota 55487, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court for consideration of Petitioner Carlos P. Clark's Objection [Doc. No. 14] to United States Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R") dated February 26, 2018 [Doc. No. 13]. The magistrate judge recommended that Clark's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") [Doc. No. 1] be denied, and that this action be dismissed.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify,

in whole or in part, the findings or recommendations" contained in that R&R.  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3).  Based on that *de novo* review, and for the reasons set forth below, the Court overrules Petitioner's Objection and adopts the R&R in its entirety.

## II.    BACKGROUND

Clark is currently incarcerated at the Minnesota Correctional Facility–Rush City. He received a 493-month sentence after a jury found him guilty of second degree murder and third degree murder. (*See* Habeas Pet. at 1.) After final judgment was entered on May 18, 2011, Clark appealed to the Minnesota Court of Appeals, which affirmed on August 13, 2012. (*See* Jan. 25, 2018 Order [Doc No. 8] at 2.) The Minnesota Supreme Court denied review of Clark's direct appeal on October 24, 2012. (*Id.*)

Clark then filed two motions for post-conviction relief in Minnesota state court. (*See* R&R at 2.)  In his first motion, filed in March of 2014, Clark argued that the "post-conviction court abused its discretion because the district court violated his Confrontation Clause right, there was insufficient evidence to support the conviction, the jury was not instructed about accomplice testimony, and the prosecutor committed misconduct during the trial." *Heard v. State*, No. A14-1578, 2015 WL 1758005, at *1 (Minn. Ct. App. 2015). This post-conviction motion was denied, the Minnesota Court of Appeals affirmed, and Clark did not seek review from the Minnesota Supreme Court. (*See* R&R at 2.) A final judgment on the motion was entered on July 17, 2015. (*Id.*) Clark then filed a second motion for post-conviction relief in state court on June 6, 2016, which was denied on April 14, 2017. (*Id.*) Clark did not appeal that denial. (*Id.*)

On October 27, 2017, Clark filed his Habeas Petition with this Court. (*See* Habeas Pet. at 1.) In his Habeas Petition, Clark challenges his conviction, arguing that he was unlawfully arrested. (*See id*. at 4.) Clark contends that the court in which he was convicted "lack[ed] jurisdiction over his person" because he was arrested without a warrant. (*See id*. at 5.) However, he concedes in his Habeas Petition that he has not previously pursued this claim before any court. (*Id*.)

Magistrate Judge Bowbeer recommended that Clark's Habeas Petition be denied and dismissed with prejudice because it is barred by the statute of limitations. (*See* R&R at 2 (citing 28 U.S.C. § 2244(d)(1)-(2)).) Magistrate Judge Bowbeer noted that the statute of limitations applicable to Clark's Habeas Petition began to run ninety days after the Minnesota Supreme Court denied review of Clark's direct appeal, when the time for him to seek a writ of certiorari expired. (*See id*.) That is, Clark had until January of 2014 to file a writ of habeas corpus, unless the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2). (*See id*. at 2-4.) Magistrate Judge Bowbeer reasoned that although the habeas statute of limitations is tolled while state post-conviction motions are pending, the tolling provision does not revive an already expired limitations period. (*See id*. at 3 (citing 28 U.S.C. § 2244(d)(2)).) Here, the magistrate judge found the statute of limitations had already expired by the time Clark field his state post-conviction motions. (*See id*. at 2-3 (explaining that Clark had until January 2014 to file his federal habeas petition, and did not file his first post-conviction motion in state court until March of 2014).) Noting that Clark had failed to address the issue of the statute of limitations in all of his filings, and that his habeas petition was clearly time-barred, the magistrate judge

recommended dismissal with prejudice. (*See id.* at 4.) Additionally, the magistrate judge recommended that a Certificate of Appealability be denied. (*See id.* at 4-5.)

Clark filed his timely Objection to the R&R on March 8, 2018, triggering this *de novo* review.

## III. DISCUSSION

### A. Clark's Habeas Petition is Barred by the Statute of Limitations

While the exact nature of Clark's Objection to the magistrate judge's R&R is somewhat unclear, Clark appears to argue that the statute of limitations does not apply to his Habeas Petition. Clark contends that he is effectively absolved of any statute of limitations requirement because he puts forth a jurisdictional challenge in his Habeas Petition, and that "jurisdiction can be challenged at any time." (*See* Obj. at 2.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327, 331 (2007). This statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled, however, during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *See* 28 U.S.C. § 2244(d)(2). As Magistrate Judge Bowbeer noted, post-conviction review only tolls the statute of limitations. A post-conviction motion does not *revive* an already expired statute of limitations period. *See Martin v. Fayram*, 849 F.3d 691, 697 (8th Cir. 2017); (*See* R&R at 3.)

4

Here, the one-year statute of limitations had already expired by the time Clark filed his Habeas Petition. The Minnesota Supreme Court denied review of Clark's direct appeal on October 24, 2012. (*See* Jan. 25, 2018 Order at 2.) The ninety-day period for Clark to file a petition for a writ of certiorari to the United States Supreme Court ended in January of 2013. *See* Sup. Ct. R. 13.1. Accordingly, because the one-year habeas statute of limitations begins at the end of that ninety-day period, *see Lawrence*, 549 U.S. at 332, Clark had until January of 2014, to timely file his Habeas Petition. *See* 28 U.S.C. § 2244(d)(1)(A); *see Jihad v. Hvass*, 267 F.3d 803, 804-805 (8th Cir. 2001) (citing *Smith v. Bowersox*, 159 F.3d 345, 347-48 (8th Cir. 1998)). Clark filed his Habeas Petition on October 27, 2017, well after the one-year window closed.

In addition to the statute of limitations being tolled during the pendency of certain motions filed in state court, the Supreme Court has read into 28 U.S.C. § 2244(d)(2) an "equitable tolling" provision that can be applied in "appropriate cases." *Holland*, 560 U.S. at 654. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted) (emphasis added). Here, as the magistrate judge found, Clark has failed to make any cognizable argument that he has been pursuing his rights diligently or that some extraordinary event created a delay that hindered his ability to file his Habeas Petition. For this reason, the statute of limitations should not be equitably tolled. Thus, this Court agrees with the magistrate judge that Clark's Habeas Petition should be denied and dismissed with prejudice.

Nothing that Clark raises in his Objection changes this analysis. Clark argues that since his Habeas Petition challenges the jurisdiction of the trial court in which he was convicted, and "jurisdiction can be challeng [sic] at any time," he can file his Habeas Petition notwithstanding the statute of limitations. This is incorrect. The statute of limitations and tolling provisions imposed on habeas petitions apply to *all* habeas petitions. *See* 28 U.S.C. § 2244(d)(1). There is no exception carved out for filings that, like Clark's Habeas Petition, allege lack of jurisdiction. *See id*. Thus, the "jurisdiction" argument within Clark's Habeas Petition does not allow him to circumvent the statute of limitations.

For all of these reasons, Clark's Habeas Petition is dismissed with prejudice, as it is barred by the statute of limitations.

## B. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires that he demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Clark has not made such a showing, and thus is not entitled to a Certificate of Appealability.

**IV.     ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.     Magistrate Judge Bowbeer's R&R of February 26, 2018 [Doc. No. 13] is **ADOPTED** in its entirety;

2.     Petitioner's Objection to the R&R [Doc. No. 14] is **OVERRULED**;

3.     This matter is **DISMISSED WITH PREJUDICE** as time-barred; and

4.     No certificate of Appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 2, 2018                                    s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge